NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PACIFIC WEST SECURITIES, INC.; et al.,

Plaintiffs-Appellees,

v.

JOANNA GEORGE; RANDY GEORGE,

Defendants-Appellants.

No. 14-15628

D.C. No. 3:13-cv-04260-JSC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding[**]

Submitted November 16, 2016[***]

Before:    LEAVY, BERZON, and MURGUIA, Circuit Judges.

Joanna George and Randy George appeal pro se from the district court's

judgment denying their motion to vacate an arbitration award entered against them

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and granting plaintiffs' motion to confirm the arbitration award. We review de novo the district court's decision to confirm an arbitration award and deny a motion to vacate the award. *Woods v. Saturn Distrib. Corp.*, 78 F.3d 424, 427 (9th Cir. 1996). We affirm.

The district court properly denied Georges's motion to vacate the arbitration award. First, Georges failed to show evident partiality on account of either non-disclosure or actual bias as to one of the arbitrators. *See* 9 U.S.C § 10(a)(2) (providing basis for vacatur due to evident partiality of arbitrators); *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 645-46 (9th Cir. 2010) (explaining bases for showing evident partiality); *Woods*, 78 F.3d at 427 (the "party alleging evident partiality [in actual bias cases] must establish specific facts which indicate improper motives" (alteration in original; citation and internal quotation marks omitted)); *see also New Regency Prods., Inc. v. Nippon Herald Films, Inc.*, 501 F.3d 1101, 1110 (9th Cir. 2007) ("[C]ourts have rejected claims of evident partiality based on long past, attenuated, or insubstantial connections between a party and an arbitrator." (internal citation omitted)).

Second, Georges failed to show the arbitrators were "guilty" of prejudicial misconduct or misbehavior. 9 U.S.C. § 10(a)(3) (providing basis for vacatur due to

2                                                                          14-15628

arbitrator misconduct or misbehavior); *see U.S. Life Ins. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1175 (9th Cir. 2010) (concluding that "[a]rbitrators enjoy wide discretion to require the exchange of evidence, and to admit or exclude evidence, how and when they see fit" and that the movant for vacatur had a fundamentally fair hearing where "[i]t had notice, it had the opportunity to be heard and to present relevant and material evidence, and the decisionmakers were not infected with bias" (citation and internal quotation marks omitted)).

**AFFIRMED.**

14-15628